**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 08-32501 |
| Jamie K. Hess, | ) | Chapter 7 |
| Debtor. | ) | Adv. Pro. No. 08-3245 |
| Dean Dukett, | ) | Hon. Mary Ann Whipple |
| Plaintiff, | ) | |
| v. | ) | |
| Jamie K. Hess, | ) | |
| Defendant. | ) | |

### MEMORANDUM OF DECISION AND ORDER ON MOTION FOR DEFAULT JUDGMENT

This adversary proceeding is before the court upon Plaintiff Dean Duckett's Complaint to Object to Discharge of Debtor and Determine Discharge of Certain Debts ("Complaint") [Doc. #1]. Defendant is the debtor in the underlying Chapter 7 bankruptcy case number 08-32501.

The Clerk issued an alias summons and notice of pretrial conference on October 31, 2008 [Doc.

#9]. The executed alias summons required an answer or other response to the Complaint to be filed by December 1, 2008. On January 27, 2009, the court held a pre-trial scheduling conference. An Attorney for Plaintiff appeared by telephone. There was no appearance by or on behalf of Defendant and no answer or other response to the Complaint had been served or filed at that time. The Clerk entered an Entry of Default [Doc. ## 18, 20]. Plaintiff also filed and duly served a motion seeking alternative relief by default or summary judgment. [Doc. ##14]. The court scheduled a hearing on Plaintiff's motion and notice of this hearing was properly served on Defendant [Doc. ## 16,19]. On March 10, 2009, the court held a hearing on the motion. An Attorney for Plaintiff appeared by telephone. There was no appearance by or on behalf of Defendant at the hearing and the record shows that no answer or other response to the complaint had been filed.

Plaintiff's counsel certified in his affidavit filed with the court [Doc. # 22] that Defendant is not in the military service to the best of his knowledge, complying with the Servicemembers Civil Relief Act. After review of the entire record, the court has determined that, pursuant to Fed. R. Civ. P. 55, made applicable through Fed. R. Bankr. P. 7055, Plaintiff's motion will be granted insofar as it seeks entry of judgment by default against Plaintiff.

The legal bases alleged for the Complaint are 11 U.S.C. § 523(a)(2)(A), pursuant to which debts incurred through false representations, false pretenses or actual fraud, other than through a statement in writing as to the debtor's financial condition, may be excepted from a debtor's discharge; 11U.S.C. § 523(a)(4), pursuant to which debts incurred through larceny or embezzlement may be excepted from a debtor's discharge; and 11 U.S.C. § 523(a)(6), pursuant to which debts for willful and malicious injury may be excepted from a debtor's discharge. Although the caption of the complaint states that Plaintiff is also objecting to Defendant's entire discharge, the complaint does not actually seek such relief in the prayer and the elements of any particular exception requiring denial of discharge under § 727(a) have not been set forth, argued or prosecuted. In fact, Defendant's discharge has been entered in the underlying Chapter 7 case, and Plaintiff has not asserted that it was entered in error by the court. The court is therefore treating the Complaint as asserting only claims seeking an exception from discharge of Defendant's specific debt claimed as being owed to Plaintiff. *See* Fed. R. Bankr. P. 7054; Fed. R. Civ. P. 54(c)("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

The district court has jurisdiction over the Defendant's/ Debtor's underlying Chapter 7 bankruptcy case, 28 U.S.C. § 1334(a), and over all civil proceedings arising under Title 11 or arising in the

2

underlying Chapter 7 case, which includes this adversary proceeding, 28 U.S.C. § 1334(b). The case and all related proceedings, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No. 84-1 entered on July 16, 1984 by the United States District Court for the Northern District of Ohio. This adversary proceeding is a core proceeding in which this court can make a final determination because it involves a determination as to dischargeability of a debt. 28 U.S.C. § 157(b)(2)(I).

The court finds that notice, including the service of the alias summons and Complaint pursuant to Fed. R. Bankr. P. 7004, has duly and properly been served upon Defendant. Specifically, service was effected by certified United States mail, postage prepaid, sent to Defendant at a residence address. [Doc. ## 10, 23]; *see* Fed. R. Bankr. P. 7004(a)(1); Fed. R. Civ. P. 4(e)(1); Ohio Civ. R. 4.1 and 4.2(A). No mailings by the court to Defendant have been returned. Thus, the court finds that Defendant failed timely to appear, plead, or otherwise defend this action as required by the Federal Rules of Bankruptcy Procedure.

Defendant's failure to answer the complaint does not, standing alone, entitle Plaintiff to a default judgment as a matter of right. *American Express Centurion Bank v. Truong (In re Truong),* 271 B.R. 738, 742 (Bankr. D. Conn. 2002); *Webster v. Key Bank (In re Webster)*, 287 B.R. 703, 709 (Bankr. N.D. Ohio 2002); *Columbiana County Sch. Emples. Credit Union, Inc. v. Cook (In re Cook)*, 2006 Bankr. LEXIS 446 at *9--*10 (B.A.P. 6th Cir. Apr. 3, 2006). In determining whether a default judgment is appropriate, "the court should [accept] as true all of the factual allegations of the complaint, except those relating to damages" and afford plaintiff "all reasonable inferences from the evidence offered." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Yet the court must still decide whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Smith v. Household Fin. Realty Corp. Of New York (In re Smith)*, 262 B.R. 594, 597 (Bankr. E.D.N.Y. 2001). Where the claim sounds in fraud, the court must evaluate the evidence presented to assure that the plaintiff has presented a prima facie case. *In re Truong*, 271 B.R. at 742. In this case, in addition to the well-pleaded factual allegations of the Complaint, Plaintiff has presented a detailed affidavit and a transcript in support of his claims and of the damages claimed. [*See* Doc. #14]; Fed. R. Civ. P. 55(b)(2); Fed. R. Bankr. P. 9017(c).

Plaintiff first relies on § 523(a)(2)(A) of the Bankruptcy Code, as follows, in contending that Defendant incurred a debt to him that should be excepted from her discharge.

A discharge under section 727 . . . of this title does not discharge an individual debtor from

any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud.

11 U.S.C. § 523(a)(2)(A). The specific parts of § 523(a)(2)(A) raised by the Complaint and the affidavit are conduct involving "actual fraud." *See McClellan v. Cantrell*, 217 F.3d 890 (7th Cir. 2000); *Mellon Bank, N.A. v. Vitanovich (In re Vitanovich)*, 259 B.R. 873 (B.A.P. 6th Cir. 2001). "Actual fraud has been defined as intentional fraud, consisting in deception intentionally practiced to induce another to part with property or to surrender some legal right, and which accomplishes the end designed. It requires intent to deceive or defraud." *Vitanovich*, 259 B.R. at 877 (quoting *Gerad v.Cole (In re Cole)*, 164 B.R. 951, 953 (Bankr. N.D. Ohio 1993)).

A debtor's intent to defraud a creditor under § 523(a)(2)(A) is measured by a subjective standard and must be ascertained by the totality of the circumstances of the case at hand. *Id.*; *Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 281-82 (6th Cir. 1998). A finding of fraudulent intent may be inferred on the basis of circumstantial evidence or from the debtor's "course of conduct," as direct proof of intent will rarely be available. *Hamo v. Wilson (In re Hamo),* 233 B.R. 718, 724 (B.A.P. 6th Cir. 1999).

The court finds that the well-pleaded averments of Plaintiff's Complaint constitute a valid cause of action under § 523(a)(2) and deems them as true as a result of Defendant's default. The Complaint avers as a matter of fact, and the affidavit establishes, that Plaintiff loaned Defendant money only after being informed that she had already filed for bankruptcy. Defendant avers that he asked Plaintiff whether she had filed for bankruptcy before loaning her money, and was told that she had, when in fact she had not. [Doc. # 14, Aff. ¶¶ 3-9]. Plaintiff relied on that representation in lending money to Defendant and allowing her to use an H&R Block debit card. [*Id.*]. Given his romantic relationship with Defendant, [Doc. #1, ¶ 1], the court finds that reliance reasonable. The course of Defendant's conduct, specifically her admissions in the meeting of creditors transcript as to her statement, and the timing, nature and frequency of the charges in relation to the filing of her bankruptcy case on May 14, 2008, are conduct from which the court can infer, and the court finds, that Defendant acted with fraudulent intent in obtaining money from Defendant. Defendant's affidavit establishes damages in the amount $2,891.00 under § 523(a)(2), upon which amount Plaintiff is entitled to entry of judgment in his favor and which amount is excepted from Defendant's Chapter 7 discharge under 11 U.S.C. § 523(a)(2).

Section 523(a)(4) provides as follows:

> (a) A discharge under section 727 . . . of this title does not discharge an individual from any debt –
>
> . . . .
>
> > (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

11 U.S.C. § 523(a)(4). As there is no evidence that Defendant was acting in a fiduciary capacity, Defendant's conduct implicates the "embezzlement" or "larceny" parts of § 523(a)(4). There is no requirement to prove fiduciary capacity under the embezzlement and larceny provisions of § 523(a)(4). *See Peavey Electronics Corp. v. Sinchak (In re Sinchak)*, 109 B.R. 273, 276 (Bankr. N.D. Ohio 1990) (stating the element of "fiduciary capacity" in § 523(a)(4) refers only to "fraud or defalcations" and need not be present where embezzlement is the exception relied upon).

Embezzlement and larceny as used in § 523(a)(4) are defined and determined according to federal law. *Graffice v. Grim (In re Grim)*, 293 B.R. 156, 165-66 (Bankr. N.D. Ohio 2003). The Sixth Circuit defines embezzlement for purposes of § 523(a)(4) as "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1172-73 (6th Cir. 1996). Proof of embezzlement requires the establishment of three elements: (1) the property was rightfully in the possession of a nonowner; (2) the nonowner appropriated the property to a use other than that for which it was entrusted; and (3) circumstances indicating fraud." *Jones v. Hall (In re Hall)*, 295 B.R. 877, 882 (Bankr. W.D. Ark. 2003); *TransAmerica Comm. Fin. Corp. v. Littleton ( In re Littleton)*, 942 F.2d 551, 555 (9th Cir.1991); *see also Brady*, 101 F.3d at 1173. Larceny is defined as "the fraudulent and wrongful taking and carrying away of the property of another with intent to convert such property to the taker's use without the consent of the owner." *Schreibman v. Zanetti-Gierke (In re Zanetti-Gierke),* 212 B.R. 375, 381 (Bankr. D. Kan. 1997). Larceny differs from embezzlement in that it requires the original taking of the property to be unlawful. *Id.*

The court finds that neither the well-pleaded averments of Plaintiff's Complaint, nor the Complaint in conjunction with Plaintiff's affidavit and the transcript, establish a a valid cause of action under § 523(a)(4). The averments in issue under § 523(a)(4) relate to $600 in funds added to Plaintiff's H& R Block debit card of which he states he was not aware and that Defendant then used. Plaintiff admits that he allowed Defendant to use the card, and gave it to her to use, but that he was not aware that his federal stimulus funds were then added to the balance on the card. Thus, the only part of § 523(a)(4) that

5

08-03245-maw    Doc 25    FILED 03/12/09    ENTERED 03/12/09 16:31:57    Page 5 of 8

is arguably in issue is embezzlement, because the debit card was lawfully in Defendant's original possession, and not larceny. However, there is no averment or evidence that Plaintiff ever limited the amount of funds on the debit card that Defendant could access to any particular amount, or that Defendant understood and agreed to that limitation and then exceeded it. Likewise, to the extent Plaintiff intended to limit Defendant's use of the debit card to "necessities," the averments of the Complaint and the other evidence in the record are insufficient to support a finding that cash advances were not used for necessaries, or at least items that Defendant herself did not consider necessities. [*Cf.* Doc. #1, ¶ 10,14]. Nor can the court conclude that any particular amount was or was not used for necessities so as to otherwise support a nondischargeable judgment under § 523(a)(4) as use of property other than that for which it was entrusted.

Section 523(a)(6) provides that a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable. 11 U.S.C. § 523(a)(6). In order to be entitled to a judgment that the debt is excepted from discharge, Plaintiff must prove by a preponderance of the evidence that the injury from which the debt arises was both willful and malicious. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999); *J & A Brelage, Inc. v. Jones (In re Jones)*, 276 B.R. 797, 801-2 (Bankr. N.D. Ohio 2001). A willful injury occurs when "(i) the actor desired to cause the consequences of the act or (ii) the actor believed that the given consequences of his act were substantially certain to result from the act." *Monsanto Co. v. Trantham (In re Trantham)*, 304 B.R. 298, 307 (B.A.P. 6th Cir. 2004) (citing *Markowitz*, 190 F.3d at 464). Under § 523(a)(6), "'malicious' means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent." *Id.* (citing *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986)).

The court cannot find from either the averments of the Complaint or the affidavit and transcript that Plaintiff's damages arose from willful and malicious conduct as defined for purposes of § 523(a)(6). The Complaint uses the term "malicious," but it is purely conclusory. The well-pleaded factual averments of the Complaint do not show that Defendant acted in conscious disregard of any duties to Plaintiff, and that she intended the injury that resulted. To the contrary, she states in an e-mail exchange attached to the Affidavit that "I would never stiff u." Defendant did not schedule Plaintiff's debt, and it appears from her 341 meeting testimony that she did not intend to "include" it in her bankruptcy discharge. She also evidences the belief that some of the funds advanced were gifts, not loans, a fact that would preclude

6

summary judgment but does not preclude default judgment due to the averments of the complaint relevant to § 523(a)(2) that have not been contested. Plaintiff is not entitled to judgment under § 523(a)(6).

Plaintiff has proven that Defendant has incurred debt to him that is non-dischargeable under § 523(a)(2). He also requests that the court enter a money judgment against Defendant on account of that debt. The Sixth Circuit authorizes bankruptcy courts to enter money judgments in actions seeking to except debts from discharge. *Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 966 (6th Cir. 1993). The amount of the debt is established and supported by the affidavit and the exhibits. The court does not need further evidentiary or other proceedings to determine the proper amount of a money judgment as damages and finds from the record that Plaintiff is entitled to entry of a money judgment in his favor in the amount of $2,891.00.

Plaintiff also requests "possible punitive damages" in his prayer for relief in the Complaint. Under Ohio law punitive damages may awarded on fraud claims only under certain circumstances. The decision to award or deny a plaintiff punitive damages is within the trial court's discretion. *Kemp v. Kemp*, 161 Ohio App. 3d 671 (Ct. App. 2005). Not only must the plaintiff prove fraud, which he has, the court must find that the fraud has been aggravated by the existence of malice or ill will, or must demonstrate that the wrongdoing is gross or wanton. *Charles R. Combs Trucking, Inc. v. International Harvester Co.*, 12 Ohio St. 3d 241 (1984)(syllabus para. 3); *Logsdon v. Graham Ford Co.*, 54 Ohio St. 2d 336, 339-40 (1978); *Bennice v. Bennice*, 82 Ohio App. 3d 594, 599 (Ct. App. 1992). For the reasons stated above in rejecting Plaintiff's claim under § 523(a)(6), the record does not support a finding that Defendant's fraud was egregious or wanton, or aggravated by malice.[1] The court will not include an award of punitive damages in its judgment.

Plaintiff also includes a request for attorney's fees in the prayer for relief in the Complaint.[2] There

---

[1] In this context under Ohio law, somewhat differently than under § 523(a)(6), malice is "actual malice" and requires either a state of mind of ill will, hatred or a spirit of revenge, or a conscious disregard for the rights and safety of other persons having a great probability of causing substantial harm. *Cable v. Lunich*, 70 Ohio St.3d 598, 601 (Ohio 1994).

[2] There is a procedural issue that also precludes an award of attorney's fees. Rule 7008(b) of the Federal Rules of Bankruptcy Procedure provides: "A request for an award of attorney's fees shall be pleaded as a claim in a complaint, cross-claim, third-party complaint, answer, or reply as may be appropriate." Thus, attorney's fees must be sought in a bankruptcy adversary proceeding by a separate count of the complaint or other pleading and not merely in the prayer for

is no basis in the Bankruptcy Code for an award of attorney's fees to a creditor successfully prosecuting a § 523(a)(2) claim *Cf.* 11 U.S.C. § 523(d)(debtors shall be awarded attorney's fees in certain circumstances not present here). Nothing in § 523 indicates that Congress intended the prevailing party to be awarded fees.

Counsel asserted at the hearing that Plaintiff is entitled to an award of attorney's fees under Ohio law in connection with his fraud claim. Counsel is correct that, under Ohio law, plaintiffs who prove fraud are entitled to an award of attorney's fees under certain circumstances. But this entitlement is not automatic and requires as a predicate an award of punitive damages. The Ohio Supreme Court has clearly stated that attorney's fees are only appropriately awarded on a fraud claim where punitive damages are also awarded. *Zappitelli v. Miller*, 114 Ohio St. 3d 102 (Ohio 2007); *Galmish v. Cicchini*, 90 Ohio St. 3d 22, 35 (2000) (agreeing that the appropriateness of awarding attorney fees is dependent upon the propriety of the award for punitive damages and finding that "[a]ttorney fees may be awarded as an element of compensatory damages where the jury finds that punitive damages are warranted."). As the court has determined that Plaintiff is not entitled to punitive damages, his entitlement to an award of attorney's fees under Ohio law also fails. The court will not include an award of attorney's fees in its judgment.

Based on the foregoing findings, conclusions and authorities, Plaintiff's motion [Doc. #14] is hereby **GRANTED** insofar as he seeks entry of a default judgment in his favor. A separate final judgment in accordance with this Memorandum of Decision will be entered.

**IT IS SO ORDERED**.

---

relief. *E.g.*, *Leonard v. Onyx Acceptance Corp.*, Nos. 02-8125, Civ. 03-1117 ADM, 2003 U.S. Dist. LEXIS 6307, *5, 2003 WL 1873283, at *2 (D. Minn. Apr. 11, 2003); *Hartford Police F.C.U. v. DeMaio (In re DeMaio)*, 158 B.R. 890, 892-93 (Bankr. D. Conn. 1993); *Garcia v. Odom (In re Odom)*, 113 B.R. 623, 625 (Bankr. C.D. Cal. 1990); *see V.M. v. S.S. (In re S.S.)*, 271 B.R. 240, 244 (Bankr. D.N.J. 2002). Plaintiff's complaint does not include a separate claim for attorney's fees; rather, that request is included only in the prayer for relief. In the court's view this point of procedure is unquestionably material when the action is being decided on default.

8